UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARM VAN WIJK,<br><br>          Plaintiff,<br><br>    v.<br><br>WESTERN NATIONAL ASSURANCE COMPANY,<br><br>          Defendant. | CASE NO. C11-116 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY DISCOVERY |

      This comes before the Court on Defendant's motion to bifurcate and stay discovery (Dkt. No. 9.) Having reviewed the motion, the response (Dkt. No. 10), the reply (Dkt. No. 13) and all related filings, the Court DENIES Defendant's motion to bifurcate and stay discovery.

**Background**

      Plaintiff Harm Van Wijk ("Van Wijk") is suing Defendant Western National Assurance Company ("Western National") for (1) breach of their "Underinsured Motorist" (UIM) contract and (2) extra-contractual claims. Defendant seeks to bifurcate so that the breach of contract claim is heard separately from the extra-contractual claims. Defendant argues bifurcation is

appropriate because the extra-contractual claims are premature and a UIM claim is unique. (Id.) Defendant also seeks to stay discovery on the extra-contractual claim because discoverable materials for the extra-contractual claim are privileged with respect to the breach of contract claim.

**Analysis**

In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable. See Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial 16:160.4 (1999); Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir.1982). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." See Miller v. Fairchild Indus., Inc., 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).

Here, Defendant argues a judgment on the breach of contract claim could resolve or render moot Plaintiffs' extra-contractual claims. Specifically, the extra-contractual claims will not exist if Plaintiff's damages on the contract claim are found to be less than the amount Defendant has already offered to pay. (Id.) In addition, Defendant contends prejudice will result if extra-contractual claims are litigated with the contract claim because the insured's liability coverage will be revealed in the contract claim. (Id. at Pg. 5-6) Under Rule 411 of the Federal Rules of Evidence, the fact that the defendant carries liability insurance is normally inadmissible. (Id. at Pg. 6)

The Court does not find Defendant's arguments warrant bifurcation. It would be prejudicial to the Plaintiffs and time-consuming for the Court if two separate trials were required on intertwined factual issues. To the extent the breach of contract claim must be separated from
ORDER DENYING DEFENDANT'S MOTION TO
BIFURCATE AND STAY DISCOVERY- 2

Plaintiff's bad faith claims, the Court has the ability to sequence the issues in a single trial. In a sequenced trial, the parties would first present to a jury the breach of contract claim and then, if necessary, the bad faith claims.

For the same reasons, the Court finds a stay of discovery inappropriate. While Defendants believe they will be forced to reveal information protected by the work product privilege, the Court has the ability to consider any disputes with respect to discovery as they arise.

**Conclusion**

The Court DENIES Defendant's motion to bifurcate and DENIES Defendant's motion to stay discovery. Having reviewed the parties' Joint Status Report, the Court sets June 12, 2012 as the trial date. The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of May, 2011.

Marsha J. Pechman
United States District Judge