UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARM VAN WIJK,

            Plaintiff,

v.

WESTERN NATIONAL ASSURANCE COMPANY,

            Defendant.

C11-116 MJP

ORDER ON PARTIES' CROSS-MOTIONS TO COMPEL AND FOR A PROTECTIVE ORDER

This matter comes before the Court on Defendant's motion for a protective order and Plaintiff's motion to compel. (Dkt. Nos. 17 and 19.) Having reviewed the motions, the responses (Dkt. Nos. 24 and 26), the replies (Dkt. Nos. 28 and 31), and all related filings, the Court GRANTS in part and DENIES in part the parties' cross-motions.

**Discussion**

Plaintiff Harm Van Wijk ("Van Wijk") is suing Defendant Western National Assurance Company ("Western National") for (1) breach of their "Underinsured Motorist" (UIM) contract and (2) extra-contractual bad faith claims. Western National seeks a protective order, arguing

Plaintiff's interrogatories request material subject to attorney-client and/or work product privilege given the bad faith claim. Plaintiff files a cross-motion to compel, requesting Defendant provide the disputed claims file and that discovery be provided in an electronic format.

First, the Court finds Western National need only provide discovery materials in the format in which the documents were stored during its ordinary course of business. See Fed. R. Civ. P. 34(b)(2)(E). Defendant is not required to convert documents into electronically-stored information format when that is not how Western National normally stored the information.

Second, the Court finds work-product privilege protects certain portions of the claims file. Specifically, those documents generated after December 9, 2009 are protected by work-product privilege because December 9, 2009 is when the threat of litigation became clear. On December 9, 2009, Plaintiff sent a letter to Western National, which attached forensic expert reports and included a one million dollar settlement demand. Given the demand letter, it is reasonable to conclude the insurer's posture changed at that point from routine claims investigation and adjustment to contemplation of litigation. See Henderson v. Zurn, Inc., Inc., 131 F.R.D. 560, 572 (S.D. Ind. 1990). After Western National's posture changed, work-product privilege over the claims file was triggered. Since Plaintiff concedes he does not seek compelled production of any portions of the claim file that Defendant claims falls under attorney-client privilege, the Court declines to conduct in camera review.

**Conclusion**

The Court GRANTS in part and DENIES in part Defendant's request for a protective order and Plaintiff's motion to compel. The Court finds work-product privilege protects those documents generated after December 9, 2009, when Plaintiff sent the demand letter and the

threat of litigation was clear. All claim file materials generated before December 9, 2009, however, are subject to discovery. In addition, Defendant need not produce documents in ESI format since that is not the format in which Western National stored the information in its ordinary course of business.

The Court ORDERS parties submit any future discovery disputes pursuant to Local Rule 37(B), which provides an expedited procedure for presenting motions to compel to the Court. All documents subject to this order shall be produced within seven (7) days of entry of the order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of October, 2011.

Marsha J. Pechman
United States District Judge